UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDA CAVERLY,

    *Plaintiff*,                      CASE NO. 16-10707

*v.*                              DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE PATRICIA T. MORRIS

FANNIE MAE, aka FEDERAL NATIONAL
MORTGAGE ASSOCIATION
CORPORATION, a foreign business entity
EVERBANK MORTGAGE COMPANY,
a foreign business entity, and TROTT LAW
PC, a Michigan Professional Corporation,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion to remand (Doc. 14) be **DENIED**.

**II.    REPORT**

    **A.    Procedural History**

Plaintiff commenced this action for wrongful foreclosure by filing an eight-count complaint in the Circuit Court for Cheboygan County on January 21, 2016. (Not. of Removal, Doc. 1 ¶¶ 1, 11; Pl's Am. Compl. Doc. 13.) Defendant Fannie Mae received the complaint and summons on January 29, 2016, and filed a Notice of Removal within thirty days on February 26, 2016. (Doc. 1 ¶¶ 2-3.) Defendants Trott & Trott and Everbank Mortgage Company ("Everbank") consented to removal. (*Id.* ¶ 6; Doc. 17, at 2.) Judge Thomas L. Ludington referred pretrial matters to the undersigned magistrate judge on March 18, 2016. (Doc. 11.)

Currently before the Court is Plaintiff's motion to remand the case back to state court. (Mot. to Remand, Doc. 14.) Fannie Mae filed a response on April 18, 2016. (Resp. to Mot., Doc. 17.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), these motions are ready for report and recommendation without oral argument.

**B.     Facts**

In 2006, Danny Caverly, Plaintiff's now-deceased husband, borrowed money and executed a promissory note with Countrywide Home Loans. (Doc. 14, at 5.) To secure the note a mortgage was executed on the property at issue in this case which was jointly owned by Plaintiff and Danny Caverly. (*Id.*) Plaintiff became delinquent on her mortgage payments in the "fall/winter of 2014/2015," after Danny Caverly's death. (*Id.* at 5-6.) Everbank hired Trott & Trott to commence and handle a mortgage foreclosure. (*Id.* at 6.) On April 28, 2015, Everbank commenced foreclosure by advertisement and scheduled a foreclosure sale for May 29, 2015, at 11:00 a.m. (*Id.*)

On May 15, 2015, Trott & Trott sent a letter addressed to Plaintiff offering various mortgage reinstatement options and stating that "If you want to reinstate your loan after 5/28/2015, you must contact us for a new reinstatement amount." (*Id.* at 8; Doc. 14, Ex. A. at Pg ID 188.) On May 29, 2015, Plaintiff possessed sufficient funds to reinstate the mortgage and called Trott & Trott to reinstate the mortgage. (Doc. 14, at 8.) However, Trott & Trott refused to provide a new reinstatement amount "claiming that it could not do so as the sale was scheduled for 11:00 a.m. that morning and further claim[ing] that the sale could not be

2

adjourned." (*Id.*) Fannie Mae purchased the property at the foreclosure sale on May 29, 2015. (*Id.* at 9.)

### C. Parties Arguments

The only contested issue here is whether the joinder of Trott & Trott, a Michigan professional corporation, precludes diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 14, at 4.) Fannie Mae argues that Trott & Trott's citizenship should be disregarded because Plaintiff fraudulently joint Trott & Trott to thwart diversity jurisdiction. (Doc. 1 ¶ 11.) Specifically, Fannie Mae asserts that Plaintiff has not pleaded a colorable claim against Trott & Trott because it is the servicer of Plaintiff's loan and did not "take any independent actions on which the propriety of the foreclosure will be determined." (*Id.* ¶ 13.)

Plaintiff asserts that she has sufficiently alleged a colorable claim against Trott for negligence, tortious interference, misrepresentation, and violation of Michigan's Consumer Protection Act ("MCPA"), MCL § 445.903. (Doc. 14 at 11-14.) Specifically, Plaintiff alleges that by rebuffing Plaintiff's attempt to reinstate the mortgage Trott & Trott took independent, direct action outside and beyond the foreclosure process. (*Id.* at 11.) Therefore, Plaintiff urges the court to remand this case to state court because Trott & Trott was not fraudulently joined and the presence of a non-diverse party defeats diversity jurisdiction. (*Id.* at 14.)

### D. Governing Law

The removal statute, 28 U.S.C. § 1441, allows state court defendants to remove "any civil action" to a federal district court that has "original jurisdiction" to hear that "action." It is well established that the statute thus permits removal only when the district court can exercise

original jurisdiction over the precise action in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same). Only two bases of original jurisdiction exist, either federal question jurisdiction or diversity jurisdiction. The first provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, under 28 U.S.C. § 1332, creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. If the Court lacks subject matter jurisdiction over a case removed to it, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

An action removed on the basis of diversity jurisdiction must have complete diversity at the time of removal. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 493 (1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). The Sixth Circuit "has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. To establish fraudulent joinder the moving party "must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* If a "colorable basis" exists the court must remand the action to state court. *Id.* Disputed questions of fact and ambiguities in the controlling state law must be resolved in the nonremoving party's favor. *Id.*

**E.     Analysis**

       **1.     Negligence, Tortious Interference, & Misrepresentation Claims**

Under Michigan law, "[t]he duties owed to a client by an attorney are not the 'functional equivalent of a duty of care owed to the client's adversary.'" *Edwards v. Standard Fed. Bank, N.A.*, No. 08-12146, 2009 WL 92157, 2009 U.S. Dist. LEXIS 2590, at *10 (E.D. Mich. Jan. 14, 2009) (citing *Friedman v. Dozorc*, 312 N.W.2d 585, 591 (Mich. 1981)). "[T]he public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent." *Friedman*, 312 N.W.2d at 592. Thus numerous cases have held that no colorable claim exists against an adversary's counsel in a mortgage foreclosure. *Estate of Malloy v. PNC Bank*, No. 11-12922, 2011 WL 485088, 2011

U.S. Dist. LEXIS 109850, at *3-4 (E.D. Mich. Sept. 27, 2011); *Yulle v. Trott & Trott, PC*, No. 11-CV-10584, 2011 U.S. Dist. LEXIS 111249, at *3-4 (Mar. 30, 2011); *Edwards*, 2009 U.S. Dist. LEXIS 2590 at *10-11.

Plaintiff attempts to distinguish her claims of negligence, tortious interference, and misrepresentation by alleging that Trott & Trott took independent, direct action, "outside of and beyond the foreclosure process" when it rejected Plaintiff's attempt to reinstate the mortgage on May 29, 2015, after informing her that she could reinstate it on May 29 in the May 15, 2015 letter. (Doc. 14. 11-13.) Plaintiff argues that this action created a legal duty to Plaintiff. (*Id.*) Plaintiff also raises a brief argument that an attorney is liable for conduct outside of the practice of law, such as an assault during a deposition or an auto accident. (*Id.* at 10-11 (citing *Dressel v. Ameribank*, 664 N.W.2d 151 (Mich. 2003)).

Fannie Mae argues that Trott & Trott's role was "limited to acting as counsel for the servicing agent and nothing more." (Doc. 17, at 3.) Trott & Trott did not lend Plaintiff money and it was not the servicer on Plaintiff's loan. (*Id.*) Fannie Mae asserts that the May 29, 2015 letter and the phone conversation with Plaintiff were merely specific acts undertaken in furtherance of the foreclosure and Trott & Trott's representation of its client. (*Id.* at 6.)

Fannie Mae raises the more logical argument here. Plaintiff does not cite to any authority holding that an attorney undertakes fiduciary obligations when he sends a letter to an adversary or speaks to them over the phone on behalf of a client. Nor does Plaintiff allege that Trott & Trott's actions were undertaken without Everbank's authority or knowledge. Thus, Trott & Trott should not be subject to any liability for Plaintiff's alleged injuries simply

because they represented their client in the mortgage foreclosure. *See Estate of Malloy*, 2011 U.S. Dist. LEXIS 109850, at *3-4; *Yulle*, 2011 U.S. Dist. LEXIS 111249, at *3-4; *Edwards*, 2009 U.S. Dist. LEXIS 2590 *10-11. Plaintiff's cause of action, if any is against the principal not the agent. *Yulle*, 2011 U.S. Dist. LEXIS 111249, at *4

### 2. MCPA Claim

Plaintiff alleges that Trott & Trott violated MCPA, MCL § 445.903, by making a false representation material to the reinstatement of the mortgage on May 15, 2015. (Doc. 13 ¶¶ 119-22.) Plaintiff cites *Lewis v. Nationstar Mortgage*, No. 14-10204, 2014 U.S. Dist. LEXIS 112206 (E.D. Mich. July 25, 2015), *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 111689 (Aug. 12, 2014) asserting that the court held that a claim under MCPA states a claim against foreclosure counsel.

Defendant argues that Plaintiff has not alleged a colorable claim under the MCPA because it does not apply to residential loan transactions or foreclosure counsel. (Doc. 17, at 9-10.)

Defendant is correct; the MCPA does not apply to residential loan transactions. *Newton v. Bank West*, 686 N.W.2d 491, 495 (Mich. Ct. App. 2004); *Berry v. Bank of America, N.A.*, No. 09-14081, 2009 WL 4950463, at *6 (E.D. Mich. Dec. 16, 2009); *see also Evans v. JP Morgan Chase Bank.,* No. 06-13973, 2007 WL 2049254, at *10-11 (E.D. Mich. July 17, 2007). Foreclosure counsel has also been held not liable under the MCPA because a plaintiff does not purchase "services for personal, family, or household purposes" from foreclosing counsel and the MCPA does not provide protection from the performance of legal services.

*Steinberg v. Fed. Home Loan Mortg. Corp.*, 901 F. Supp.2d 945, 954 (E.D. Mich. 2012) (citing *Society of St. Vincent De Paul in Archdiocese of Detroit v. Mt. Hawley Ins. Co.*, 49 F. Supp.2d 1011, 1020 (E.D. Mich. 1999); *William L. Corner Family Equity Pure Trust v. Thomas & Jenson, P.C.*, No. 186676, 1997 Mich. App. LEXIS 2949, 1997 WL 33353233, at *4 (Mich. Ct. app. 1997) (finding an "attack on [the lawyer's] performance of legal services . . . would be more appropriately brought as a malpractice action" and not under the MCPA)). Here, Plaintiff did not purchase services from Trott & Trott. Trott & Trott was hired by Everbank.

Plaintiff's citation to *Lewis* is inapposite. In *Lewis* the plaintiff alleged that foreclosure counsel violated the MCPA by failing to validate a debt even after the plaintiff sent a cease and desist letter challenging the collection activity and demonstrating that he did not owe any debt. 2014 U.S. Dist. LEXIS 112206, at *6. Here, Plaintiff admits the existence of a valid debt. (Doc. 13 ¶ 13.) Moreover, in *Lewis* the court denied the motion to remand, finding that foreclosing counsel was a dispensable party under Fed. R. Civ. P. 19(a) and therefore could be dropped under Fed. R. Civ. P. 21.

### F. Conclusion

For the reasons stated above, I suggest that Trott & Trott was fraudulently joined; thus the court has diversity jurisdiction over this matter and removal was proper. Therefore I recommend that Plaintiff's motion to remand be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

8

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 10, 2016                                S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 10, 2016                              By s/Kristen Krawczyk
                                                                                  Case Manager